**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Gary, | No. CV-18-02796-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Carbon Cycle Arizona LLC, et al., | |
| Defendants. | |

At issue is Plaintiff Michael Gary's Motion for Attorneys' Fees and Costs (Doc. 50) to which Defendants Jerald F. Kovacich, Tom Mulholland, Samuel W. Grossman, Carbon Cycle Energy, LLC, Carbon Cycle Arizona, LLC, and Carbon Cycle Holdings, LLC filed a Response (Doc. 51), and Plaintiff filed a Reply (Doc. 57). The Court now rules on Plaintiff's Motion.

## I. BACKGROUND

On September 5, 2018, Plaintiff brought this action against Defendants Carbon Cycle Arizona, LLC, Carbon Cycle Energy, LLC, Carbon Cycle Holdings, LLC, Samuel W. Grossman, Jerry Kovacich, Carlos E. Sala,[1] and Tom Mulholland. (Doc. 1 at 1). In his Complaint, Plaintiff asserted claims for failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 and the Arizona Minimum Wage Statute, A.R.S. §§ 23-362–23-364, and failure to make timely

---

[1] Plaintiff voluntarily dismissed Defendant Carlos E. Sala without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on January 24, 2019. (Doc. 49).

and reasonable payment of wages in violation of the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355. (*Id.* at 1–2). Plaintiff sought to recover unpaid minimum wage compensation, liquidated damages, and statutory penalties for Defendants' alleged violations of the FLSA, as well as unpaid wages, treble damages, and statutory penalties for Defendants' alleged violations of the Arizona Wage Statute. (*Id.* at 2).

Plaintiff asserts that on November 26, 2018, Defendants Carbon Cycle Arizona, LLC, Carbon Cycle Energy, LLC, Carbon Cycle Holdings, LLC, Jerry Kovacich, and Tom Mulholland transferred a gross amount of $11,490.64, less applicable taxes to equal a net amount of $8,492.33, via direct deposit into Plaintiff's bank account. (Doc. 50 at 2).[2] On January 14, 2019, these Defendants sent a Rule 68 Offer of Judgment to Plaintiff, which stated:

> Defendants Jerry Kovacich, Tom Mulholland, Carbon Cycle Energy, LLC, Carbon Cycle Arizona, LLC, Carbon Cycle Holdings, LLC ("Defendants") hereby offer to allow judgment to be entered in favor of Plaintiff Michael Gary and against these Defendants, in full resolution of all claims raised in the Complaint, as follows:
> In addition to all sums previously paid, Defendants will pay to Plaintiff the sum of five thousand dollars ($5,000), exclusive of taxable court costs and attorney's fees, for all claims sought in Plaintiff's complaint. Defendants reserve the right to object to any costs and fees sought by Plaintiff if this offer is accepted.

(Doc. 46-1 at 1). Plaintiff accepted Defendants' Jerry Kovacich, Tom Mulholland, Carbon Cycle Energy, LLC, Carbon Cycle Arizona, LLC, Carbon Cycle Holdings, LLC Rule 68 Offer of Judgment on January 16, 2019. (Doc. 46-2 at 1). Thereafter, these Defendants filed a Notice of Acceptance of Rule 68 Offer of Judgment on January 22, 2019. (Doc. 46). On January 23, 2019, the Clerk of the Court entered judgment against Carbon Cycle

---

[2] Plaintiff uses the phrase "Defendants" in his Motion for Attorneys' Fees and Costs (Doc. 50) to "refer to Carbon Cycle Arizona, LLC, Carbon Cycle Energy, LLC, Carbon Cycle Holdings, LLC, Jerry Kovacich, and Tom Mulholland." (*Id.* at 2 n.1).

Arizona LLC, Carbon Cycle Energy LLC, Carbon Cycle Holdings LLC, Jerry Kovacich, and Tom Mulholland in the amount of $5,000.00, exclusive of taxable court costs and attorney's fees. (Doc. 48).

On January 28, 2019, Plaintiff filed the Motion for Attorneys' Fees and Costs (hereinafter, "Motion") at issue, seeking recovery of his attorneys' fees in the amount of $13,487.50 and $1,072.90 in costs. (Doc. 50 at 9). Plaintiff specifies that his Motion is directed at Carbon Cycle Arizona, LLC, Carbon Cycle Energy, LLC, Carbon Cycle Holdings, LLC, Jerry Kovacich, and Tom Mulholland. (*Id.* at 2 n.1). Defendants, as well as Defendant Samuel Grossman, filed a Response (Doc. 51) on February 12, 2019.[3] Also on February 12, 2019, Plaintiff filed its Reply (Doc. 57).

On April 12, 2019, Plaintiff accepted Defendant Samuel W. Grossman's Rule 68 Offer of Judgment for "the sum of two hundred fifty dollars ($250.00), exclusive of taxable court costs and attorney's fees, for all claims sought in Plaintiff's complaint." (Docs. 64; 64-1).[4] In accordance with Plaintiff's Notice of Acceptance of Offer of Judgment (Doc. 64), the Clerk of Court entered judgment against Defendant Samuel Grossman in the amount of $250.00, exclusive of taxable court costs and attorney's fees. (Doc. 65).

Unless specified otherwise, the Court uses the phrase "Defendants" in this Order to refer to Carbon Cycle Arizona, LLC, Carbon Cycle Energy, LLC, Carbon Cycle Holdings, LLC, Jerry Kovacich, and Tom Mulholland.

## II. ELIGIBILITY AND ENTITLEMENT TO FEES

Plaintiff requests $13,487.50 in attorneys' fees and $1,072.90 in costs in accordance with Fed. R. Civ. P. 54(d), LRCiv 54.2, and 29 U.S.C. § 216(b), the FLSA fee-shifting statute which "provides for attorney fees and costs to a successful plaintiff." *Haworth v. State of Nev.*, 56 F.3d 1048, 1050 n.1 (9th Cir. 1995); (*see* Doc. 50 at 1, 9). For the reasons that follow, the Court concludes that Plaintiff is eligible for, and entitled to, attorneys' fees

---

[3] The Court deemed this Response timely in its February 12, 2019 Order. (Doc. 56).

[4] Unlike the Rule 68 Offer of Judgment made on behalf of the other Defendants, however, the Offer of Judgment from Defendant Samuel Grossman explicitly states that "[b]y making this offer, Defendant Grossman is not admitting liability." (Doc. 64-1 at 2).

and non-taxable costs.

### A.     Whether Plaintiff was the Prevailing Party

Plaintiff argues that it is the prevailing party—and therefore entitled to attorneys' fees—because the filing of this action caused Defendants to pay unpaid wages to Plaintiff and because Plaintiff accepted Defendants' Rule 68 Offer of Judgment. (Doc. 50 at 3). Defendants do not contest that Plaintiff is the prevailing party. (*See* Doc. 51).

"[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In *Farrar v. Hobby*, the Supreme Court clarified that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). Notably, "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* at 113.

In this case, Plaintiff accepted Defendants' Rule 68 Offer of Judgment, (Doc. 46-2 at 1), and the Court thereafter entered judgment against Defendants "in the amount of $5,000.00, exclusive of taxable court costs and attorney's fees[,]" (Doc. 48). Accordingly, Plaintiff is the "prevailing party" under the standard set forth in *Farrar v. Hobby*. *Farrar*, 506 U.S. at 111–13; *see also Delta Air Lines, Inc. v. Aug.*, 450 U.S. 346, 376 (1981) ("[A] Rule 68 offer of judgment is a proposal which by definition stipulates that the plaintiff shall be treated as the prevailing party[.]"); *Rother v. Lupenko*, 691 F. App'x 350, 351 (9th Cir. 2017) (affirming district court's award of attorneys' fees to plaintiffs who accepted defendants' Rule 68 Offer of Judgment in FLSA action and noting that it was "undisputed that Plaintiffs were the prevailing party"); *Flores v. Fergiss Inc.*, No. 3:13-CV-01480-KI, 2014 WL 1123638, at *3 (D. Or. Mar. 20, 2014) (noting that plaintiffs, who accepted defendant's Offer of Judgment under Rule 68 in FLSA action, were prevailing parties for purposes of attorneys' fees and costs); *Orozco v. Borenstein*, No. CV-11-02305-

- 4 -

PHX-FJM, 2013 WL 4543836, at *2 (D. Ariz. Aug. 28, 2013) (determining that plaintiff was the prevailing party where the filing of the FLSA action caused the defendants to pay plaintiff his unpaid wages). As the prevailing party, Plaintiff is entitled to his attorneys' fees in this FLSA action. *See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 415 n.5 (1978) (noting that a fee award is "mandatory for prevailing plaintiffs" in actions brought under FLSA).

**B.** **Whether Each Defendant was Plaintiff's "Employer" For Purposes of the FLSA**

Section 216(b) of the FLSA states, in relevant part:

> Any *employer* who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable *to the employee or employees* affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in the preceding sentences may be maintained *against any employer*[.] . . . *The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.*

29 U.S.C. § 216(b) (emphasis added). The Ninth Circuit has held that this section allows recovery from an *employer* who violates the FLSA, explaining that "the word 'defendant' is used to describe the party *who may be liable for* the plaintiff's attorney's fees[,]" and "refers to the employer against whom the charge of violation has been brought." *Richardson v. Alaska Airlines, Inc.*, 750 F.2d 763, 766 (9th Cir. 1984) (emphasis added). Therefore, Plaintiff may not recover attorney's fees from Defendants unless they were his employers at the time he alleges he was not paid the required minimum wage. *See id.* (holding that the Age Discrimination in Employment Act, which incorporates the remedial provisions of the FLSA including the attorney's fee provision of 29 U.S.C. § 216(b), does not allow an award of attorney's fees against a non-employer); *Rueling v. MOBIT LLC*, No. CV-18-00568-PHX-BSB, 2018 WL 6047015, at *4 (D. Ariz. Nov. 19, 2018).

### 1.    The Definition of "Employer" Under the FLSA

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). The statute defines "to employ" as "to suffer or permit to work." *Id.* § 203(g). Whether a party is an "employer" within the meaning of the FLSA is a question of law. *Torres-Lopez v. May*, 111 F.3d 633, 638 (9th Cir. 1997); *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983), *overruled on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 538 (1985). "Courts have adopted an expansive interpretation of the definitions of 'employer' and 'employee' under the FLSA, in order to effectuate the broad remedial purposes of the Act." *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979). Under this expansive interpretation, "employees are those who *as a matter of economic reality* are dependent upon the business to which they render service." *Id.* (citing *Bartels v. Birmingham*, 332 U.S. 126, 130 (1947)); *see also Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961) (stating that "economic reality" is the test of employment under the FLSA).

In analyzing "economic reality," courts must "consider the totality of the circumstances of the relationship, including whether the alleged employer has the power to hire and fire the employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Hale v. State of Ariz.*, 993 F.2d 1387, 1394 (9th Cir. 1993) (citing *Bonnette*, 704 F.2d at 1470). Although these factors "provide a useful framework for analysis . . . , they are not etched in stone and will not be blindly applied." *Id.* (citing *Bonnette*, 704 F.2d at 1470). Rather, the ultimate determination must be based "upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947). Two or more employers may be joint employers of an employee, with each employer having individual liability for compliance with the FLSA. *Bonnette*, 704 F.2d at 1469 (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973); 29 C.F.R. § 791.2(a) (1981)).

2.  <u>The Effect of Defendants' Rule 68 Offer, and the Resulting Judgment</u>
    <u>Following Plaintiff's Acceptance Thereof</u>

Of the $11,147.50 in attorneys' fees which Defendants determined were reasonable, Defendants object to 6/7ths ($9,555.00) of that amount because "Plaintiff was the employee of, and received paychecks from, a single entity—Carbon Cycle Energy, LLC." (Doc. 51 at 2–3). Thus, Defendants contend that the other six defendants—Carbon Cycle Arizona, LLC, Carbon Cycle Holdings, LLC, Jerry Kovacich, Tom Mulholland, Samuel Grossman, and Carlos Sala—were not Plaintiff's "employers" under the FLSA, barring the recovery of attorneys' fees under 29 U.S.C. § 216(b) from those defendants. (*Id.* at 3). Accordingly, Defendants request an evidentiary hearing pursuant to LRCiv 54.2(h)[5] on the singular issue of "who" was Plaintiff's "employer." (*Id.*). Defendants claim that some of the named defendants do not have any connection to Plaintiff, and appear to have been named solely to expand the litigation as much as possible in the hopes of monetary gain. (*Id.*).

In his Reply, Plaintiff disagrees that an evidentiary hearing is needed to determine who was Plaintiff's employer, stating:

> It was Defendants' tactical decision to make an Offer of Judgment on behalf of Carbon Cycle Arizona, LLC, Carbon Cycle Energy, LLC, Carbon Cycle Holdings, LLC, Jerry Kovacich, and Tom Mulholland. . . . If Defendants believed that only one Defendant was Plaintiff's employer, they should have only made the Offer of Judgment against only one employer Defendant.

(Doc. 57 at 5–6).

The Court agrees. Defendants' Offer of Judgment explicitly states that it "offer[s] to allow judgment to be entered in favor of Plaintiff Michael Gary and against these

---

[5] LRCiv 54.2(h) provides that the "court in its discretion or upon motion may set an evidentiary hearing on a motion for award of attorneys' fees and related non-taxable expenses to resolve serious disputes involving material issues of fact that compromise the award."

Defendants" after listing Defendants Jerry Kovacich, Tom Mulholland, Carbon Cycle Energy, LLC, Carbon Cycle Arizona, LLC, Carbon Cycle Holdings, LLC. (Doc. 46-1 at 1). Notably, Plaintiff alleged in his Complaint that each named defendant was his "employer," as that term is defined by the FLSA. (*See* Doc. 1 ¶¶ 10–20).[6] Thus, at issue is whether the entry of judgment against Defendants (specifically, Carbon Cycle Arizona, LLC, Carbon Cycle Energy, LLC, Carbon Cycle Holdings, LLC, Jerry Kovacich, and Tom Mulholland) pursuant to Plaintiff's acceptance of Defendants' Rule 68 Offer of Judgment constitutes an admission that the specific Defendants listed in the Offer of Judgment are liable for Plaintiff's attorneys' fees and, thus, deemed "employers" from whom Plaintiff may recover. *See Richardson*, 750 F.2d at 766. The Court concludes it does.

As discussed, *supra*, Plaintiff was the prevailing party in this action, and Defendants do not contest this. (*See* Doc. 51). Importantly, Title 29 U.S.C. section 216(b) provides that an award of attorneys' fees "shall" be made to the successful plaintiff. 29 U.S.C. § 216(b). Therefore, "[t]he award of an attorney's fee is mandatory" if a plaintiff prevails in the FLSA action. *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971) (citation omitted); *see also Christiansburg Garment Co.*, 434 U.S. at 415 n.5 (noting that a fee award is "mandatory for prevailing plaintiffs" in actions brought under FLSA).

When interpreting an Offer of Judgment under Rule 68, "a court will ordinarily apply the usual rules of contract construction." *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993) (citing *Erdman v. Cochise Cty., Ariz.*, 926 F.2d 877, 880 (9th Cir. 1991)); *see also Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir.1995), *cert. denied*, 518 U.S. 1018 (1996). "Thus, ambiguities will be construed against the offeror as the drafting party and, where such ambiguities are found to exist, extrinsic evidence of the parties' actual intentions will be examined to clarify those ambiguities and arrive at the

---

[6] As to Defendants Jerry Kovacich, Tom Mulholland, and Samuel Grossman, Plaintiff specifically stated that these individuals "had the authority to hire and fire employees, supervised and controlled Plaintiff's work schedules or the conditions of his employment, determined the rate and method of Plaintiff's payment of wages, and maintained employment records in connection with Plaintiff's employment." (Doc. 1 ¶¶ 17–18, 20).

meaning of the offer's material terms." *Id.*

Despite the explicit mandate in 29 U.S.C. § 216(b) that attorneys' fees be awarded to the prevailing plaintiff, Defendants chose to structure their Offer of Judgment such that it was "exclusive of taxable court costs and attorney's fees[.]" (Doc. 46-1). Further, Defendants' Offer of Judgment contained no language admitting or denying liability as to attorneys' fees specifically. As the drafting party, Defendants could have easily formulated the offer to signal Plaintiff that it was *inclusive* of attorneys' fees. Therefore, as the drafting party and offeror, Defendants "should bear the burden of the ambiguity created" by their silence as to liability for attorneys' fees in their Offer of Judgment. *Webb v. James*, 147 F.3d 617, 623 (7th Cir. 1998). Further, the FLSA provides for attorneys' fees for the prevailing party and allows recovery of those fees from "any employer who violates" the [FLSA]," *Richardson*, 750 F.2d at 766, but Defendants said nothing in their Offer of Judgment which would terminate that statutory liability. This is consistent with the rule of contract construction requiring that ambiguities in a contract be construed against the drafter. *Herrington*, 12 F.3d at 907; *see Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997) ("We recognize that in general, defendants making a Rule 68 offer contemplate a lump-sum judgment that represents their total liability. . . . At the same time, defendants are the master of what their Rule 68 offers offer. If there is any room for doubt about what is included, or excluded, when 'costs' are offered, the defendant can craft its offer to make clear the total dollar amount that it will pay.").

Moreover, the Ninth Circuit has also concluded that "Rule 68 offers differ from contracts with respect to attorney fees," because, as to them, any waiver or limitation must be "clear and unambiguous." *Nusom*, 122 F.3d at 833 (citing *Guerrero*, 70 F.3d at 1113; *Erdman,* 926 F.2d at 880). For example, in *Erdman*, the defendant's offer of judgment did not clearly exclude an award of attorneys' fees and, therefore, the defendant was bound by the letter of the offer and was obligated to pay reasonable attorneys' fees in addition to the amount stated in the offer. *Erdman*, 926 F.2d at 880–81. Furthermore, *Nusom* extended *Erdman* to non-section 1983 actions and to actions resting on statutes

which do not define attorneys' fees as a component of costs, such as the FLSA. *Nusom*, 122 F.3d at 833 (holding that "the judgment does not foreclose the [plaintiffs] from seeking attorney fees" in action brought under Truth in Lending Act, which does not include attorneys' fees as a component of "costs," because the judgment "does not clearly and unambiguously waive or limit them"); *see Gutierrez v. Good Savior, LLC*, No. CV 14-4595-AJW, 2016 WL 5661869, at *3 (C.D. Cal. Sept. 28, 2016).

For these reasons, the Court concludes that Defendants cannot now contest their liability as to attorneys' fees on the basis that each party listed in the Offer of Judgment is not Plaintiff's "employer," as that term is defined under the FLSA. As master of the offer, Defendants could have structured their Offer of Judgment in such a way as to make clear that it was inclusive of attorneys' fees, or only permitted recovery of attorneys' fees from one specific, named employer Defendant. Defendants cannot back-pedal now. Accordingly, the Court declines Defendants' request for an evidentiary hearing under LRCiv 54.2(h), and will not reduce Plaintiff's award of attorneys' fees by 6/7[th].

## C. Whether Plaintiff May Recover Fees for Preparing the Motion for Attorneys' Fees and Costs

Plaintiff states that he is entitled to his attorneys' fees for preparing the Motion for Attorneys' Fees and Costs at issue, (Doc. 50 at 3–4), and Defendants do not specifically object to this request, (*see* Doc. 51).

"If the moving party claims entitlement to fees for preparing the motion and memorandum for award of attorneys' fees and related non-taxable expenses, such party also must cite the applicable legal authority supporting such specific request." LRCiv 54.2(c)(2). In support of his argument that he is entitled to fees for preparing this Motion, Plaintiff cites *Pure Wafer, Inc. v. City of Prescott* for the proposition that a "party that is entitled to an award of attorney fees is entitled to compensation for time expended on an application for attorney's fees." (Doc. 50 at 4 (citing *Pure Wafer, Inc. v. City of Prescott*, No. CV-13-08236-PCT-JAT, 2014 WL 3797850, at *11–12 (D. Ariz. July 29, 2014) (awarding the plaintiff its attorneys' fees incurred in preparing its motion for

attorneys' fees and reply) (citing *Se. Legal Def. Grp. v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981) ("It would be inconsistent with the purpose of the [the statute] to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee.")))).

As noted by the Ninth Circuit, "[i]n statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659–60 (9th Cir. 1985). This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee. *Id.* at 660; *see also Kinney v. Int'l Bhd. of Elec. Workers*, 939 F.2d 690, 695 (9th Cir. 1991). Indeed, courts within the Ninth Circuit have awarded attorneys' fees to prevailing plaintiffs in FLSA actions for the costs incurred in preparing their motions for attorneys' fees. *See, e.g.*, *Wilson v. Decibels of Oregon, Inc.*, No. 1:16-CV-00855-CL, 2018 WL 3863489, at *11–12 (D. Or. Aug. 14, 2018) (awarding plaintiff in FLSA action reasonable attorneys' fees for the time spent on the fee petition); *Helton v. Factor 5, Inc.*, No. C 10-04927-SBA, 2015 WL 428576, at *4–5 (N.D. Cal. Jan. 30, 2015) (awarding plaintiffs attorneys' fees for the work spent on the fee motion in FLSA action). Consequently, the Court finds that Plaintiff is entitled to his attorneys' fees incurred in preparing the Motion for Attorneys' Fees and Costs at issue.

### D.    Whether Plaintiff May Recover Taxable and Non-Taxable Costs

Under Fed. R. Civ. P. 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party" unless "a federal statute, these rules, or a court order provides otherwise[.]" *See also* LRCiv 54.1(d) ("The party entitled to costs shall be the prevailing party. Generally, a party in whose favor judgment is rendered is the prevailing party."). The Ninth Circuit has "interpreted Rule 54(d)(1) as creating 'a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded.'" *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (quoting *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003)). Although Rule 54(d)(1) of

the Federal Rules of Civil Procedure "vests in the district court discretion to refuse to award costs[,]" that "discretion is not unlimited." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). "A district court must 'specify reasons' for its refusal to award costs." *Id.* (citing *Subscription Television, Inc. v. S. California Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)). "Under the Fair Labor Standards Act, costs include reasonable out-of-pocket expenses." *Van Dyke v. BTS Container Serv., Inc.*, No. CIV.08-561-KI, 2009 WL 2997105, at *2 (D. Or. Sept. 15, 2009) (citing *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 969 (10th Cir. 2002)).

Plaintiff seeks $1,072.90 in "costs and non-taxable costs" incurred. (Doc. 50 at 9). Specifically, Plaintiff hopes to recover $400.00 for the filing fee of the verified complaint, $668.90 in total service of process costs, and $4.00 for a parking fee from the case management conference. (Doc. 50-4 at 2). Plaintiff claims that these costs "were necessary expenses for the prosecution of this action." (Doc. 50 at 9).

Defendants object to Plaintiff's recovery of these costs (Doc. 51 at 1). Defendants state that Plaintiff has failed to comply with Local Rule 54.1 because the "Statement of Costs" "blends taxable and non-taxable costs (the sole non-taxable cost being the $4.00 parking fee, to which no objection is made)" while the "remainder of the items listed . . . are not filed on the bill of costs form prescribed by the Clerk and separately verified as required by that rule." (Doc. 51 at 1). Accordingly, Defendants "move to strike those items as non-complaint[.]" (*Id.*). Plaintiff replies that his statement of costs is "itemized that the nature of each can be readily understood" as LRCiv 54.1 requires, and avers that "[i]t is very easy to understand what these costs are and refer to as evidenced by Dkt. 50-4 and attachments A–C." (Doc. 57 at 3).

The Court agrees that the "Statement of Costs" filed by Plaintiff as an Exhibit to his Motion combines taxable and non-taxable costs. (*See* Doc. 50-4 at 2). According to LRCiv 54.1(e), clerk's fees, docket fees, and service fees (including private process servers' fees) are taxable. LRCiv 54.1(e). Parking fees are not among the taxable items listed in the Local Rule. *See id.* The Court also agrees with Defendants that requests for

taxable costs, such as the service fees and filing fees which Plaintiff seeks to be reimbursed for, must comply with Local Rule 54.1.

Local Rule 54.1(a) provides, in part:

> A party entitled to costs shall, within fourteen (14) days after the entry of final judgment, unless time is extended under Rule 6(b), Federal Rules of Civil Procedure, file with the Clerk of Court and serve upon all parties, a bill of costs on a form provided by the Clerk. This bill of costs shall include a memorandum of the costs and necessary disbursements, so itemized that the nature of each can be readily understood, and, where available, documentation of requested costs in all categories must be attached. The bill of costs shall be verified by a person acquainted therewith.

LRCiv 54.1(a).

Plaintiff failed to file a Bill of Costs on the form provided by the Clerk within 14 days after entry of judgment as required by LRCiv 54.1(a), and failed to separately verify this Bill of Costs. It is true that Plaintiff is—as the prevailing party in this FLSA action— entitled to costs. *See* Fed. R. Civ. P. 54(d); 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Nevertheless, the time for filing the Bill of Costs has not been (and cannot be) "extended under Rule 6(b), Federal Rules of Civil Procedure." LRCiv 54.1(a). Fed. R. Civ. P. 6 provides that:

> when an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). Not only has the fourteen-day period within which Plaintiff was required to file its Bill of Costs long since expired, but Plaintiff has not made any motion demonstrating that his failure to file his Bill of Costs was due to "excusable neglect."

Moreover, Plaintiff has not shown any good cause for enlarging the time-period for filing his Bill of Costs beyond the mandatory 14 days of judgment.

"Pursuant to federal law, taxable costs can be recovered 'with strict compliance' to the Federal Rules of Civil Procedure Rule 54(d)(1), Local Rules of Civil Procedure Rule 54.1(a), and 28 U.S.C. section 1920." *Felix v. Pic-N-Run, Inc.*, No. CV-09-8015-PCT-JAT, 2012 WL 551645, at *5 (D. Ariz. Feb. 21, 2012) (concluding that defendants could not recover taxable costs where defendants failed to strictly comply with the requirement in LRCiv 54.1(a) that a Bill of Costs be filed within 14 days after entry of judgment and where defendants had not been granted any extension to file their Bill of Costs) (citing *Thompson v. StreetSmarts, Inc.*, No. CV-10-1885-PHX-LOA, 2011 WL 2600744, at *14 (D. Ariz. June 30, 2011)).

As in *Felix v. Pic-N-Run, Inc.*, Plaintiff's failure to strictly comply with the requirements of Fed. R. Civ. P. 54(d) and LRCiv 54.1 is fatal to his request for taxable costs. *Id.*; *see also Farmer v. DirectSat USA*, No. CV-08-3962, 2015 WL 13310280, at *6 (N.D. Ill. Sept. 24, 2015) (holding that plaintiffs' taxable costs were waived, although plaintiffs were prevailing party in action brought under FLSA, because plaintiffs failed to file their Bill of Costs within the deadline set by the local rule); *Namohala v. Maeda*, No. CV-11-00786 JMS, 2014 WL 1326584, at *4 (D. Haw. Apr. 1, 2014) (denying the defendants' request for taxable costs because defendants failed to comply with the requirements of the court's local rule); *Gardner v. Catering by Henry Smith, Inc.*, 205 F. Supp. 2d 49, 52 (E.D.N.Y. 2002) (holding that plaintiffs, who accepted defendants' Rule 68 Offer of Judgment, waived their right to receive taxable costs in action brought under FLSA because plaintiffs failed to file a Bill of Costs within the time period provided by the local rule and showed no good cause for this failure). As "the decision whether to award costs ultimately lies within the sound discretion of the district court[,]" *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013), the Court will exercise its discretion here and deny Plaintiff's request for taxable costs due to Plaintiff's failure to strictly comply with

the requirements of Fed. R. Civ. P. 54(d) and LRCiv 54.1.[7]

Plaintiff's request for non-taxable costs, specifically, the $4.00 parking fee incurred at the case management conference, is properly made via motion. *See J & J Sports Prods. Inc. v. Patel*, No. CV-16-00234-TUC-RM-BPV, 2018 WL 1609731, at *2 n.3 (D. Ariz. Apr. 3, 2018) (citing LRCiv 54.2). Although "[f]ailure to itemize and verify costs *may* result in their disallowance by the court[," LRCiv 54.2(e)(3) (emphasis added), Defendants do not object to Plaintiff's recovery of this $4.00 parking fee, (Doc. 51 at 1). Therefore, the Court will award Plaintiff $4.00 in non-taxable costs.

### E.     <u>Plaintiff's Alleged Failure to Comply with Local Rule 54.2</u>

"When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (citing *Webb v. Bd. of Educ. of Dyer Cty., Tenn.*, 471 U.S. 234, 242 (1985)). Local Rule 54.2(d) also contains multiple requirements for a valid fee application's supporting documentation. In their Response, Defendants ask that Plaintiff's Motion be denied because Plaintiff fails to comply with LRCiv 54.2. (Doc. 51 at 2). Nevertheless, for the reasons that follow, the Court will not deny Plaintiff's Motion due to his inability to adhere to the requirements in LRCiv 54.2.

First, Defendants state that Plaintiff failed to attach a separate statement by counsel certifying personal consultation pursuant to LRCiv 54.2(d)(1). (*Id.*). LRCiv 54.2(d)(1) provides:

> No motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached to the supporting memorandum certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees or that the moving counsel has made a good faith effort, but has been unable, to arrange such conference.

---

[7] Defendants further object to Plaintiff's statement of costs in that the costs for service are unreasonable and premature. (Doc. 51 at 1–2). The Court need not address this issue because the request for taxable costs has been denied due to Plaintiff's failure to strictly comply with the requirements of LRCiv 54.1 and Fed. R. Civ. P. 54(d).

> The statement of consultation shall set forth the date of the consultation, the names of the participating attorneys and the specific results or shall describe the efforts made to arrange such conference and explain the reasons why such conference did not occur.

LRCiv 54.2(d)(1).

In response to Defendants' allegation that he failed to comply with this local rule, Plaintiff responds that he attached to his Motion an email to counsel for Defendants in which Plaintiff's counsel offers to settle Plaintiff's attorneys' fees for $10,000 plus $1,072.90 in costs. (Docs. 50-3 at 2; 57 at 3). In his Motion, Plaintiff explicitly referred to this email as his "Statement of Consultation," stating: "Attached hereto as 'Exhibit 3' is the 'Statement of Consultation' required by Local Rule 54.2(d)(1)." (Doc. 50 at 9). In compliance with LRCiv 54.2(d)(1), Plaintiff states that this "Statement of Consultation" includes the date, the attorneys' names, and the result of the effort. (Doc. 57 at 3 (citing Doc. 50-3 at 2)). Plaintiff further avers that he affirmed this "Statement of Consultation" through his signature to the Court. (*Id.*). Notably, counsel for Defendants "does not dispute that the email (Doc. 50-3) was sent by Plaintiff's counsel," but claims that LRCiv 54.2(d)(1) "requires more." (Doc. 51 at 2). Plaintiff, on the other hand, finds it significant that Defendants' counsel "is not disputing that this consultation took place." (Doc. 57 at 3).

It is true that Plaintiff's "Statement of Consultation" fails to explicitly state that, "after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees[.]" LRCiv 54.2(d)(1). For this reason, the Court agrees with Defendants' observation that LRCiv 54.2(d)(1) "requires more." However, "[a]ll that Local Rule 54.2(d)(1) requires is that the moving party makes a good faith *effort* to consult with the non-moving party in order to resolve disputed issues." *United States v. Bus. Recovery Servs., LLC*, No. CV11-390-PHX-JAT, 2012 WL 748324, at *4 (D. Ariz. Mar. 8, 2012). Moreover, "upon the Court's own motion, any Judge of this Court may suspend any of these Local Rules for good cause shown."

LRCiv 83.6. "It is for the court in which a case is pending to determine what departures from statutory prescription or rules of court are so slight and unimportant that the sensible treatment is to overlook them." *Guam Sasaki Corp. v. Diana's, Inc.*, 881 F.2d 713, 718 (9th Cir. 1989).

Here, the Court will excuse Plaintiff's failure to strictly comply with this local rule given that the email Plaintiff attached to his Motion sets forth the majority of the information LRCiv 54.2(d)(1) requires, and demonstrates that Plaintiff did attempt to settle his attorneys' fees and costs in good faith in accordance with the purpose behind the rule. *See Bus. Recovery Servs., LLC*, 2012 WL 748324, at *4; *see also In re Arbitration Proceeding Between: Scottsdale Ins. Co. v. John Deere Ins. Co.*, No. CV-15-00671-PHX-PGR, 2016 WL 3951740, at *1 (D. Ariz. July 22, 2016) (noting that the party seeking fees "has not filed the required statement of consultation required by Rule 54.2(d)(1)" but exercising discretion in light of LRCiv 83.6 in determining not to deny the fee application in its entirety based on that failure alone); *Peck v. Hinchey*, No. CV-12-01371-PHX-JAT, 2014 WL 3721195, at *3 (D. Ariz. July 28, 2014) (excusing the moving party's failure to certify that it consulted, or made a good faith effort to consult, with the opposing party regarding the request for attorneys' fees prior to filing its motion pursuant to LRCiv 54.1(d)(1)); *Skydive Arizona, Inc. v. Quattrocchi*, No. CV 05-2656-PHX-MHM, 2011 WL 1004945, at *1 (D. Ariz. Mar. 22, 2011) (noting that while the plaintiff's statement of consultation does not fully comply with LRCiv 54.1, the "deficiency" in this statement "is not necessarily fatal" to plaintiff's application for fees because courts in this district "may overlook such procedural shortcomings at their discretion, especially when doing so would not prejudice a defendant").[8] Nevertheless, counsel for Plaintiff is advised

---

[8] *See also Garcia v. JPMorgan Chase Bank NA*, No. CV-16-01023-PHX-DLR, 2018 WL 1570249, at *3–5 (D. Ariz. Mar. 30, 2018) (overlooking the party seeking fee's failure to provide a statement of consultation in compliance with LRCiv 54.1(d)(1) as a "procedural shortcoming" and nonetheless entertaining the motion for attorneys' fees); *Esquer v. Comm'r of Soc. Sec.*, No. CV-15-426-TUC-BPV, 2017 WL 1550475, at *2 n.3 (D. Ariz. May 1, 2017) (noting that while the parties dispute whether plaintiff's counsel fully complied with LRCiv 54.2(d)(1)'s requirements, the Court would nonetheless entertain plaintiff's motion for attorneys' fees); *Arnold v. Standard Pac. of Arizona Inc.*, No. CV-16-00452-PHX-DGC, 2016 WL 7046462, at *5 (D. Ariz. Dec. 5, 2016) (stating that the court would not deny plaintiff's motion for attorneys' fees where plaintiff's original

that in future cases, he is expected to fully comply with the provisions of LRCiv 54.2(d)(1).

Second, Defendants claim that Plaintiff fails to attach to his Motion any fee agreement, or statement by counsel regarding the non-existence of same, as required by LRCiv 54.2(d)(2). (Doc. 51 at 2). This portion of the local rule states that "[a] complete copy of any written fee agreement, or a full recitation of any oral fee agreement, must be attached to the supporting memorandum." LRCiv 54.2(d)(2). But, "[i]f no fee agreement exists, then counsel must attach a statement to that effect." *Id.* While Plaintiff did not submit to the Court a copy of his fee agreement, counsel for Plaintiff does aver in his Declaration that he undertook this matter on a forty percent contingent fee basis in addition to his hourly rate of $325. (Doc. 50-1 at 4). Although Plaintiff failed to fully comply with the requirements of LRCiv 54.2(d)(2), "we do not wish to prolong these proceedings and require even more expenditure of fees." *Hoskins v. Metro. Life Ins. Co.*, No. CV-06-1475-PHX-FJM, 2008 WL 2328741, at *2 (D. Ariz. June 4, 2008) (exercising discretion to award attorneys' fees to prevailing plaintiff in ERISA action who was "entitled to reasonable attorneys' fees" despite plaintiff's failure to include a statement of compliance in accordance with LRCiv 54.2(d)(1) nor a fee agreement disclosure as required by LRCiv 54.2(d)(2) after noting that defendants would not be "unduly prejudiced" should the court do so). Therefore, the Court will overlook this procedural deficiency because Defendants, as in *Hoskins*, have "carefully addressed the merits and thus are not unduly prejudiced by our consideration of fees at this time." *Id.*

Third, Defendants argue that Plaintiff's Motion should be denied for failure to comply with the Court's Scheduling Order and LRCiv 54.2(d)(3) and (e) because Plaintiff did not submit its billing statement to Defendants in Microsoft Excel in spreadsheet form. (Doc. 51 at 2). While the Court acknowledges Defendants' frustration and the inconvenience this may have caused, it does not appear that Defendants were unduly prejudiced by Plaintiff's failure given that Defendants were able to rectify this error by

---

motion did not contain the statement required by LRCiv 54.2(d)(1) but her reply brief did, and thus concluding that plaintiff's "subsequent consultation substantially complied with this rule" such that "denial of fees on this basis would be unjust").

exporting Plaintiff's PDF version of its billing statement into Microsoft Excel. (*Id.*). Moreover, while not in the program prescribed by the Court's Rule 16 Scheduling Order, Plaintiff's billing statement does follow the format required by LRCiv 54.2(e)(1) in that it sets forth, in chronological order, the date on which the service was performed, the time spent on each task, a description of the service provided, and the identity of the individual performing the service. For these reasons, the Court will overlook Plaintiff's deficiency. *See Hoskins*, 2008 WL 2328741, at *2. Nevertheless, counsel for Plaintiff is again cautioned that in future cases, he is expected to fully comply with all of LRCiv 54.2(d)'s obligations when submitting a motion for attorneys' fees and costs, in addition to the procedures bearing on such a motion set forth in the Court's Scheduling Order.

## III. REASONABLENESS OF REQUESTED AWARD

Title 29 U.S.C. section 216(b) provides that an award of attorneys' fees "shall" be made to the successful plaintiff. Accordingly, "[t]he award of an attorney's fee is mandatory, even though the amount of the award is within the discretion of the court." *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971) (citation omitted). "The case law construing what is a reasonable fee applies uniformly to all federal fee-shifting statutes." *Haworth v. State of Nev.*, 56 F.3d 1048, 1051 (9th Cir. 1995) (internal quotations omitted) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

To determine a reasonable attorneys' fee under FLSA, the Court uses the lodestar method. *See Kerzich v. Cty. of Tuolumne*, 335 F. Supp. 3d 1179, 1185 (E.D. Cal. 2018) (citations omitted); *Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1256 (D. Nev. 2014), *aff'd*, 655 F. App'x 602 (9th Cir. 2016). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (citing *McGrath v. County of Nevada,* 67 F.3d 248, 252 (9th Cir. 1995)).

Although the lodestar figure is presumptively reasonable, the court may adjust that figure to account for factors "that are not already subsumed in the initial lodestar calculation." *Id.* at 363–64 (citations omitted). Those factors include:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* at 363 n.8 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)); *see also* LRCiv 54.2(c)(3).

Plaintiff requests $13,487.50 in attorneys' fees. (Doc. 50 at 1, 9). However, for the reasons set forth below, the Court concludes that an award of $13,167.67 in attorneys' fees is reasonable.

## A. **Reasonableness of Rates**

The party seeking an award of attorneys' fees bears the burden of demonstrating that the rates requested are "in line with the prevailing market rate of the relevant community." *Carson*, 470 F.3d at 891 (citing *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996)). Generally, "the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

To establish the reasonableness of the fees he requests, Plaintiff attaches to his Motion the Declaration of Jason Barrat, counsel of record in this case. (Doc. 50 at 5; *see also* Doc. 50-1 (Declaration)). Mr. Barrat is a partner at the Zoldan Law Group who focuses primarily on plaintiff's employment litigation and wage and hour claims. (Doc. 50-1 at 3). Mr. Barrat avers in his Declaration that since he began practicing in 2012, he has litigated approximately 70 lawsuits for employees on a contingent fee basis. (*Id.*). Mr. Barrat also

- 20 -

states that he was lead counsel in this case and, therefore, responsible for the day-to-day activities of this suit. (*Id.*).

Although Plaintiff retained Mr. Barrat pursuant to a contingent fee agreement, (Docs. 50 at 7; 50-1 at 4), Mr. Barrat, avers that he contemporaneously "maintain[s] detailed daily time records" on behalf of his clients, billing these legal fees at a rate of $325.00 per hour. (Doc. 50-1 at 4). According to Mr. Barrat, this rate of $325.00 per hour "is appropriate and commensurate with his experience when compared to the rate charged by other attorneys of similar experience and capabilities, especially where the recovery of their fees is contingent on a successful outcome." (Doc. 50 at 7). In support, Plaintiff cites *Thompson v. Arizona Movers & Storage Inc.*, a 2018 case from within this district finding counsel's hourly rates of $325 and $300 reasonable in an action brought under the FLSA. *Thompson v. Arizona Movers & Storage Inc.*, No. CV-17-03819-PHX-DGC, 2018 WL 2416187, at *2 (D. Ariz. May 29, 2018).

Plaintiff has met his initial burden of demonstrating the hourly rates of his counsel are reasonable. *See United Steelworkers of Am.*, 896 F.2d at 407; *Thompson*, 2018 WL 2416187, at *2. Further, Defendants do not argue that the hourly rates of counsel for Plaintiff are unreasonable, nor submit any evidence to that effect. (*See* Doc. 51). Consequently, the Court will not reduce counsel's hourly rates.

## B. <u>Hours Reasonably Expended</u>

Generally, the prevailing party is "entitled to recover a reasonable attorneys' fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest[.]" *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982). Plaintiff provided with his Motion a task-based, itemized statement of time expended demonstrating that Plaintiff's counsel spent a total of 41.5 hours on this case from August 27, 2018 through January 28, 2019. (*See* Doc. 50-2). Although Defendants note that "the time spent appears to be somewhat reasonable on several tasks," Defendants object to 24 of Plaintiff's fee entries totaling $2,340.00. (Doc. 51 at 2). The Court now rules on Defendants' specific

objections to Plaintiff's time entries.

### 1. Rows[9] 4 and 5

The time entries from August 28, 2018 and August 29, 2018, set forth in Rows 4 and 5 of the table *infra*, seek to recover attorneys' fees for the time spent by counsel for Plaintiff on drafting, editing, finalizing and reviewing Plaintiff's fee agreement. Defendants object to these time entries as unreasonable because Plaintiff failed to comply with LRCiv 54.2(d)(2)'s requirement that he attach a complete copy of any written fee agreement to his Motion.

In his Reply, Plaintiff contends that he should be permitted to recover these pre-complaint entries, citing *Travelers Indemnity Co. v. Crown Corr, Inc.* for the proposition that "[p]re-complaint work is considered part of the process of litigation and can be included in an award for fees." (Doc. 57 at 4 (citing *Travelers Indem. Co. v. Crown Corr, Inc.*, No. CV 11-0965-PHX-JAT, 2012 WL 2798653, at *6 (D. Ariz. July 9, 2012))). Nevertheless, the pre-complaint work which the court was considering whether to award to the defendant in *Travelers Indemnity Co.* was for substantive pre-complaint investigation and analysis—not for administrative and clerical tasks such as those billed by Plaintiff here.

"Attorneys' fees should not be given for the performance of administrative tasks which could and should be performed by secretarial or paralegal staff." *Thalheimer v. City of San Diego*, No. 09-CV-2862-IEG BGS, 2012 WL 1463635, at *5 (S.D. Cal. Apr. 26, 2012) (citation omitted); s*ee also Neil v. Comm'r of Soc. Sec.*, 495 Fed.Appx. 845, 847 (9th Cir. 2012) (holding that "the district court did not abuse its discretion in declining to award [ ] attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons"); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (holding that clerical tasks such as filing and document organization "should have been subsumed in firm overhead rather than billed at paralegal rates") *Pearson v. Nat'l Credit Sys., Inc.*,

---

[9] Row refers to the number in the farthest left-hand column in the table set forth *infra*.

- 22 -

No. 2: CV-10-0526-PHX-MHM, 2010 WL 5146805, at *3 (D. Ariz. Dec. 13. 2010) ("[T]asks which are clerical in nature are not recoverable."). Time spent drafting, editing, finalizing and reviewing a fee agreement with a client is certainly an administrative task which "could and should be secretarial or paralegal staff." *Thalheimer*, 2012 WL 1463635, at *5. Thus, while the Court will not deduct the entries in rows 4 and 5 due to Plaintiff's failure to fully comply with the requirements of LRCiv 54.2(d)(2), *see, supra,* Section II.E, the Court will deduct these entries because they are administrative in nature.

## 2.    Rows 12, 29, 32, 36, 38–40, 42–43, 45, 47, 80–82, 87

Defendants object to the billing entries set forth in rows 12, 29, 32, 36, 38–40, 42–43, 45, 47, 80–82, 87 because "proper service was not actually effected upon the individual Defendants as they were not personally served as required by Rule 5—there is nothing in the proof of service to explain why 'Sally Eichman' was 'designated by law' to accept service on behalf of Sala, Grossman, Mulholland, and Kovacich." (Doc. 51 at 2).[10] Plaintiff contests Defendants' objection, pointing out that this statement in Defendants' Response that the named Defendants were improperly served was the first time Defendants raised this issue. (Doc. 57 at 2). Plaintiff not only avers that all individual Defendants were served properly, but argues that Defendants' objections on this matter are not "based on the reasonableness, incompleteness of the entries, or failure to adequately describe the service rendered[.]" (*Id.* at 2–3 (citing LRCiv 54.2(e)(2) ("The party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated. . . . If the time descriptions are incomplete, or if such descriptions fail to adequately describe the service rendered, the court may reduce the award accordingly."))).

The Court agrees with Plaintiff that the time to raise this issue has passed "[g]iven that Defendants did not argue during the merits phase of litigation that Ms. Eichman was not an individual authorized by statute to accept service," (Doc. 57 at 2), and the Court has

---

[10] Although Defendants' objections in the table, *infra*, state "Defendants Not Served Pursuant to Rule 4," the Court surmises that this is a typographical error given that Rule 5 discusses service, and given that Defendants' Response states that "proper service was not actually effected upon the individual Defendants as they were not personally served as required by Rule 5[.]" (Doc. 51 at 2).

since entered judgment. Under Fed. R. Civ. P. 12, defenses of insufficiency of process and insufficiency of service of process are waived if omitted from the party's first responsive pleading. Fed. R. Civ. P. 12(h); *see Shortridge v. Found. Constr. Payroll Serv., LLC*, No. 14-CV-04850-JCS, 2015 WL 3899060, at *3 (N.D. Cal. June 23, 2015) (holding that where defendant had "ample opportunity" to raise an argument prior to the Court's entry of judgment, defendant could not raise that argument for the first time after judgment); *United States v. Hom*, No. C 13-03721 WHA, 2014 WL 1028769, at *1 (N.D. Cal. Mar. 16, 2014) (holding that defendant waived the affirmative defense of improper service when he failed to either include it in his original answer or move to raise the defense before filing his answer); *see also Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064–65 (D.C. Cir. 2007) (holding that defendant's participation in months of post-default judgment litigation was sufficient to raise its right to challenge service of process underlying original judgment).

Even if the issue were not waived, however, Defendants fail to demonstrate how the billing entries to which it objects on this basis even relate to the alleged improper service, or how they are an unreasonable allocation of time. Rather, each of these entries seem to reflect reasonable tasks for counsel to undertake in a FLSA action, including: drafting a motion for default (Rows 43 and 80) and a supplement to that motion (Row 87); communications with the client regarding the motion for default (Rows 81 and 82) and regarding Defendants (Row 12); reviewing docket entries regarding proof of service and Defendants' Answer (Rows 32 and 38); and emailing Defendants regarding various topics including service, counterclaims, default, discovery, settlement, the complaint, and unemployment (Rows 29, 36, 39, 40, 42, 45, 47). For these reasons, the Court declines to reduce Plaintiff's attorneys' fees award for these billing entries.

### 3. Rows 17 and 19

Defendants object to the billing entries set forth in Rows 17 and 19 regarding drafting and reviewing a FOIA request on the grounds that there is "[n]o explained or documented connection to FLSA litigation against nongovernmental parties." In his Reply,

Plaintiff responds that his counsel drafted a FOIA request with the Department of Labor's Wage and Hour Division in order to "research into any past complaints against the company and individuals." (Doc. 57 at 4). Plaintiff claims that "[a]ny prudent lawyer would have done the same[,]" and states this "is a necessary part of litigating a FLSA lawsuit because it can potentially go to the 'willful' element of the case." (*Id.*). The Court agrees with Plaintiff, and, accordingly, declines to reduce Plaintiff's attorneys' fees award for Rows 17 and 19. *See Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 341 (S.D.N.Y. 2012) (determining that the costs of a FOIA request were reasonable and recoverable upon plaintiff's motion for attorneys' fees and costs in FLSA litigation where defendants were not government entities).

    4.   <u>Rows 20 and 41 and Other Objections Related to Defendant Grossman</u>

As to Rows 20 and 41, which involve reviewing emails from Defendant Grossman, Defendants object on the basis that no final judgment has been entered against Defendant Grossman. Defendants also seek a reduction of the total attorneys' fees award by 1/7th on the grounds that "no final judgment has yet been granted against Samuel W. Grossman," who is just one of the seven named defendants in this action. (Doc. 51 at 3). Nevertheless, judgment was entered against Defendant Grossman on April 16, 2019. (Doc. 65). Even if judgment had not been entered against Defendant Grossman, however, Defendants fail to explain why it is unreasonable for Plaintiff to recover attorneys' fees for the time spent on work pertaining to one of the defendants in this case. Moreover, Plaintiff avers that "any communications or attorney work referring or referencing [Defendant Grossman] helped bring the judgment and payment to Plaintiff." (Doc. 57 at 6). The Court does not find such a contention unreasonable. For these reasons, Defendants' objection to Plaintiff's recovery for the attorneys' fees set forth in Rows 20 and 41 is overruled, and the Court declines to reduce the total attorneys' fees award by Grossman's 1/7th share.

    5.   <u>Row 44 and Other Objections Related to Defendant Sala</u>

Row 44 is a time entry accounting for Plaintiff's counsel's emails to and from

Defendant Sala regarding this suit. Defendants object to this entry, as well as the entries at Rows 36, 39, 42–43, 80–82, and 87, because Defendant Sala was voluntarily dismissed from this action. (*See* Doc. 49). Defendants also seek a reduction of the total attorneys' fees award by 1/7th because Defendant Sala was one of seven named defendants in this action and was "dismissed voluntarily almost the moment he appeared." (Doc. 51 at 3). Plaintiff counters that his counsel "would not have any less time" had Defendant Sala been represented by counsel for Defendants throughout this whole litigation. (Doc. 57 at 6). According to Plaintiff, "[a]ny communication or attorney work referring or referencing [Defendant Sala] helped bring the judgment and payment to Plaintiff." (*Id.*).

After reviewing the billing entries, the Court concludes that a reduction in the total attorneys' fee award by 1/7th is unnecessary as, for the vast majority of the billing entries, it does not appear that Plaintiff's counsel would have spent any less time had Mr. Sala not been named as a defendant in this suit. However, the Court does agree with Defendants that a reduction in the hours requested by Plaintiff for the work specifically associated with Defendant Sala is justified given that Defendant Sala was later voluntarily dismissed by Plaintiff. *See Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1070 (N.D. Cal. 2012) (reducing the hours requested by plaintiff for the work associated with a voluntarily dismissed defendant). Therefore, because the time entry set forth in Row 44 is completely associated with work undertaken with regard to Defendant Sala, the Court will deduct this entry in its entirety. As to Rows 36, 39, and 42—which are time entries which only involve work pertaining to Defendants Kovacich, Mulholland, Sala, and Grossman—the Court will reduce these time entries by 1/4th to account for the proportional amount of time, relevant to the other three Defendants mentioned in those time entries, that Plaintiff's counsel spent for work affiliated with Defendant Sala. As to Rows 43, 80–82, and 87, which are time entries pertaining to work relevant to all Defendants except for Defendant Kovacich,[11] the

---

[11] These time entries, which are for drafting a motion for default (Rows 43 and 80), communicating with the client regarding that motion for default (Rows 81 and 82), and drafting a supplement to the motion for default (Row 87) are not relevant to Defendant Kovacich because Plaintiff did not seek default judgment as to Defendant Kovacich. (*See* Doc. 31).

Court will reduce these time entries by 1/6th to account for the proportional amount of time (relevant to the other five Defendants to whom those time entries relate) that Plaintiff's counsel spent for work affiliated with Defendant Sala.

### 6. Row 24

Next, Defendants object to the time entry set forth in Row 24, which states: "Emails to/from C. Carter RE Defendants contacting Plaintiff directly." Defendants object to this entry, claiming it is unreasonable since there is "no legal barrier for Defendants to directly contact Plaintiff." In response, Plaintiff states that "[w]hile there may not be a legal barrier from Defendants contacting Plaintiff directly, it would be prudent and reasonable for Plaintiff's attorney to contact an attorney purporting to be able to accept service on behalf of Defendants to warn him of the situation so that it does not turn into a claim of FLSA retaliation." (Doc. 57 at 5). As Defendants do not set forth any legal authority demonstrating that Plaintiff's counsel was unreasonable for acting in such a manner nor claim that the amount of time billed itself (0.4/hour) is unreasonable, the Court declines to reduce Plaintiff's attorneys' fees award based on this entry.

### 7. Row 67

Row 67 is a time entry dated November 28, 2018 for drafting a motion for sanctions against Defendant Kovacich under Rule 16(f). Defendants object to this entry on the grounds that this motion was never filed, and point out that counsel for Defendants noticed his appearance on that same date. In response, counsel for Plaintiff refers the Court to *Pure Wafer, Inc. v. City of Prescott*, where the Court granted the plaintiff an award of attorneys' fees which included fees incurred for work on a motion for summary judgment which was ultimately never filed. *Pure Wafer, Inc. v. City of Prescott*, No. CV-13-08236-PCT-JAT, 2014 WL 3797850, at *11 (D. Ariz. July 29, 2014). In doing so, the Court found "nothing unreasonable" in the plaintiff's claim for fees associated with the unfiled motion, despite it having never been filed, because the plaintiff's "work on that motion was a reasonable, if not expected, step in the litigation process that became moot only due to an unforeseen change in the course of litigation." *Id.* The Court also found that the plaintiff's "work on

the unfiled motion was not wasted, but still reasonably contributed to its ultimate victory in the litigation." *Id.*; *see also Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1125 (C.D. Cal. 2012) (declining to reduce the attorneys' fees award to the plaintiff for the amount of time spent working on an unfiled summary judgment motion after observing that "extensive authority supports awarding fees for time spent on unfiled motions"); *ExperExchange, Inc. v. Doculex, Inc.*, No. C–08–03875 JCS, 2010 WL 1881484, *9 (N.D.Cal. May 10, 2010) (awarding party fees for time spent preparing a *Daubert* motion that was never filed and stating "[t]he fact that the motion was not, ultimately, filed, does not mean that the time spent preparing the motion was unreasonable.").

After reviewing the billing records, the Court finds that, as in *Pure Wafer, Inc. v. City of Prescott*, Plaintiff's attorneys' fees expended on the unfiled motion for sanctions are reasonable and connected with the litigation. *Pure Wafer, Inc.*, 2014 WL 3797850, at *11. Indeed, Plaintiff states that he completed a draft of this motion in the morning of November 28, 2018, prior to the time that counsel for Defendants noticed in, but did not file this motion because counsel for Defendants "rectified the deficiencies that were the basis of the sanction motion." (Doc. 57 at 5; *see also* Doc. 25). Moreover, Defendants have not presented any evidence demonstrating that the filing of a motion for sanctions would have been unreasonable. Therefore, the Court will not reduce Plaintiff's award for claiming those fees.

### C.  **Total Lodestar Award**

Having determined the reasonable rates and reasonable hours incurred by Plaintiff's counsel, the Court determines that the lodestar figure is $13, 167.67.

### D.  **Lodestar Adjustment and Final Fee Calculation**

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001). Thus, courts may also consider the factors listed in LRCiv 54.2(c)(3) when determining the reasonableness of an attorneys' fee request.

Many of these factors have already been considered in the lodestar analysis and need not be re-introduced as a means of adjusting the fee award. For example, the time and labor required by counsel, LRCiv 54.2(c)(3)(A), was analyzed in the section of this Order discussing the reasonableness of the hours billed, *supra*. Four other factors refer to the reasonableness of counsel for Plaintiff's hourly rate, which was also discussed, *supra*, including: skill requisite to perform the legal service properly; customary fee charged in matters of the type involved; the experience and reputation of counsel; and the undesirability of the case. LRCiv 54.2(c)(3)(C), (E), (I), (J). None of these factors justify adjusting the fee award.

Other factors that were not subsumed in the lodestar calculations likewise do not justify any change to the fee award. First, the parties have presented no evidence or argument that this case has precluded counsel from seeking other employment. LRCiv 54.2(c)(3)(D). Second, there is no evidence or contention that the nature of the fee contracted for between attorney and client, time limitations, the value of money or rights involved, or the nature of the attorney-client relationship mandate an adjustment to the lodestar figure. LRCiv 54.2(c)(3)(F), (G), (H), (K). As to the novelty and difficulty of the legal questions presented, LRCiv 54.2(c)(3)(B), Plaintiff avers that the claims were "straight-forward" but that counsel for Plaintiff "had to deal with *pro se* Defendants for much of the lawsuit[,]" leading to "needless motion practice and communication." (Doc. 50 at 6). However, the Court will not enhance the lodestar figure on this basis, as the lodestar figure already accounts for the time counsel for Plaintiff spent in its interactions with these parties. As to the factor requiring consideration of fee awards in similar cases, LRCiv 54.2(c)(3)(L), the two cases Plaintiff cites do not convince the Court that any upward or downward adjustment of the lodestar figure is necessary here. (*See* Doc. 50 at 8–9).

After consideration, the Court concludes that none of the factors set forth at LRCiv 54.2(c)(3) justify an adjustment of the fee award. In conclusion, the Court finds that an adjustment to the lodestar figure—the presumptive reasonable fee—is not justified.

**IV.    CONCLUSION**

For the reasons set forth above,

**IT IS ORDERED** that Defendants' request for an evidentiary hearing pursuant to LRCiv 54.2(h) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 50) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Plaintiff's request for taxable costs is **denied**.

2. Plaintiff is awarded **$4.00 in non-taxable costs**.

3. Plaintiff is awarded **$13,167.67 in attorneys' fees**.

Dated this 16th day of August, 2019.

James A. Teilborg
Senior United States District Judge

- 30 -

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| | DATE | DESCRIPTION OF SERVICES RENDERED | ATTY | RATE | TIME | TOTAL | DEFENDANTS' OBJECTIONS | COURT'S RULING |
| 2 | 8/27/18 | Review intake of M Gary | JB | $325 | 0.2 | $ 65.00 | | |
| 3 | 8/28/18 | Consultation w/ M Gary | JB | $325 | 0.7 | $ 227.50 | | |
| 4 | 8/28/18 | Draft/Edit/Finalize M Gary's Engagement Agreement | JB | $325 | 0.2 | $ - | 54 2(d)(2) - Not provided in supporting documentation | Entry deducted *See supra* Section III B 1 |
| 5 | 8/29/18 | Review Client's email RE Engagement Agreement | JB | $325 | 0.1 | $ - | 54 2(d)(2) - Not provided in supporting documentation | Entry deducted *See supra* Section III B 1 |
| 6 | 8/30/18 | Email to/from Client RE furlough | JB | $325 | 0.2 | $ 65.00 | | |
| 7 | 9/4/18 | Review Client's new documents/write up | JB | $325 | 0.4 | $ 130.00 | | |
| 8 | 9/4/17 | Research into possible Defendants | JB | $325 | 0.7 | $ 227.50 | | |
| 9 | 9/4/18 | Draft Complaint | JB | $325 | 0.8 | $ 260.00 | | |
| 10 | 9/4/18 | Email to/from Client RE Complaint/Defendants | JB | $325 | 0.2 | $ 65.00 | | |
| 11 | 9/5/18 | Phone call w/ Client RE Complaint | JB | $325 | 0.5 | $ 162.50 | | |
| 12 | 9/5/18 | Email from Client RE Tom Mulholland | JB | $325 | 0.1 | $ 32.50 | Defendant Not Served Pursuant to Rule 4 | Overruled *See supra* Section III B 2 |
| 13 | 9/5/18 | Review Client's Email RE signature of Verified Complaint | JB | $325 | 0.1 | $ 32.50 | | |
| 14 | 9/5/18 | Review Docket # 1-5 | JB | $325 | 0.1 | $ 32.50 | | |
| 15 | 9/ 5,6 /18 | Multiple Emails to/from C Rich from Rose Law Group and the statutory agent RE accepting service | JB | $325 | 0.3 | $ 97.50 | | |
| 16 | 9/6/18 | Review Docket # 6 | JB | $325 | 0.1 | $ 32.50 | | |
| 17 | 9/7/18 | Draft FOIA Request | JB | $325 | 0.2 | $ 65.00 | No explained or documented connection to FLSA litigation against nongovernmental parties | Overruled *See supra* Section III B 3 |
| 18 | 9/10/18 | Email from C Carter from Rose Law Group accepting service | JB | $325 | 0.1 | $ 32.50 | | |
| 19 | 9/11/18 | Review Signature for FOIA Request | JB | $325 | 0.1 | $ 32.50 | No explained or documented connection to FLSA litigation against nongovernmental parties | Overruled *See supra* Section III B 3 |
| 20 | 9/17/18 | Review email from S Grossman dated 9/14/18 | JB | $325 | 0.1 | $ 32.50 | No final judgment against this individual | Overruled *See supra* Section III B 4 |
| 21 | 9/19/18 | Email to/from Client RE conference call/service of process | JB | $325 | 0.2 | $ 65.00 | | |
| 22 | 9/21/18 | Review text message from C2E to Client RE settlement | JB | $325 | 0.1 | $ 32.50 | | |
| 23 | 9/21/18 | Emails to/from Client RE C2E settlement | JB | $325 | 0.2 | $ 65.00 | | |
| 24 | 9/24/18 | Emails to/from C Carter RE Defendants contacting Plaintiff directly | JB | $325 | 0.4 | $ 130.00 | Not reasonable - no legal barrier for Defendants to directly contact Plaintiff | Overruled *See supra* Section III B 6 |
| 25 | 10/1/18 | Draft Proof of Service, affidavit, attachments NOS RE service of process (Dkt 7) | JB | $325 | 0.8 | $ 260.00 | | |
| 26 | 10/2/18 | Draft application for entry of default and affidavit (Dkt 8) | JB | $325 | 0.5 | $ 162.50 | | |
| 27 | 10/3/18 | Review Dkt 9 | JB | $325 | 0.1 | $ 32.50 | | |
| 28 | 10/4/18 | Review email to process server J Owens RE service | JB | $325 | 0.1 | $ 32.50 | | |
| 29 | 10/10/18 | Email from T Mulholland RE service/unemployment | JB | $325 | 0.3 | $ 97.50 | Defendant Not Served Pursuant to Rule 4 | Overruled *See supra* Section III B 2 |
| 30 | 10/10/18 | Emails to/from Client RE unemployment/furlough | JB | $325 | 0.2 | $ 65.00 | | |
| 31 | 10/11/18 | Emails to/from J Owens RE service | JB | $325 | 0.2 | $ 65.00 | | |
| 32 | 10/12/18 | Review Dkt 10 | JB | $325 | 0.1 | $ 32.50 | Defendant Not Served Pursuant to Rule 4 | Overruled *See supra* Section III B 2 |
| 33 | 10/30/18 | Emails to/from Client RE update to case | JB | $325 | 0.3 | $ 97.50 | | |
| 34 | 10/31/18 | Review/analyzed J Kovacich's Answer and Counterclaims that he personally dropped off | JB | $325 | 0.8 | $ 260.00 | | |
| 35 | 10/31/18 | Research into Rule 12(b)(1), *Iqbal* , *Twombly* and other related cases | JB | $325 | 0.4 | $ 130.00 | | |
| 36 | 10/31/18 | Email to J Kovacich/T Mulholland/C Sala/S Grossman RE counterclaims/service | JB | $325 | 0.2 | $ 48.75 | Defendants Not Served Pursuant to Rule 4, Defendant Sala dismissed voluntarily, no final judgment as to Grossman | Reduced by 1/4th *See supra* Section III B 5 |
| 37 | 10/31/18 | Multiple emails to/from J Kovacich RE counterclaims | JB | $325 | 0.2 | $ 65.00 | | |
| 38 | 10/31/18 | Review Dkt 11 - 18 | JB | $325 | 0.3 | $ 97.50 | Defendants Not Served Pursuant to Rule 4 | Overruled *See supra* Section III B 2 |
| 39 | 11/2/18 | Email to J Kovacich/T Mulholland/C Sala/S Grossman RE default | JB | $325 | 0.1 | $ 24.38 | Defendants Not Served Pursuant to Rule 4, Defendant Sala dismissed voluntarily, no final judgment as to Grossman | Reduced by 1/4th *See supra* Section III B 5 |
| 40 | 11/2/18 | Multiple emails from T Mulholland RE complaint/unemployment/discovery | JB | $325 | 0.3 | $ 97.50 | Defendant Not Served Pursuant to Rule 4 | Overruled *See supra* Section III B 2 |
| 41 | 11/2/18 | Email from S Grossman RE lawsuit | JB | $325 | 0.1 | $ 32.50 | No final judgment against this individual | Overruled *See supra* Section III B 4 |
| 42 | 11/2/18 | Email to J Kovacich/T Mulholland/C Sala/S Grossman RE settlement | JB | $325 | 0.1 | $ 24.38 | Defendants Not Served Pursuant to Rule 4, Defendant Sala dismissed voluntarily, no final judgment as to Grossman | Reduced by 1/4th *See supra* Section III B 5 |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 43 | 11/2/18 | Draft Application for entry of default against Defendants (minus J Kovacich) (Dkt 19) | JB | $325 | 0.3 | $ 81.25 | Defendants Not Served Pursuant to Rule 4, Defendant Sala dismissed voluntarily, no final judgment as to Grossman | Reduced by 1/6th *See supra* Section III B 5 |
| 44 | 11/2/18 | Email to/from C Sala RE lawsuit | JB | $325 | 0.2 | $ - | Defendant dismissed voluntarily | Entry deducted *See supra* Section III B 5 |
| 45 | 11/2/18 | Multiple Emails to/from J Kovacich RE service | JB | $325 | 0.3 | $ 97.50 | Defendant Not Served Pursuant to Rule 4 | Overruled *See supra* Section III B 2 |
| 46 | 11/5/18 | Review Dkt 20 | JB | $325 | 0.1 | $ 32.50 | | |
| 47 | 11/5/18 | Multiple emails to/from J Kovacich RE settlement, counterclaims, default, C2e | JB | $325 | 0.4 | $ 130.00 | Defendant Not Served Pursuant to Rule 4 | Overruled *See supra* Section III B 2 |
| 48 | 11/6/18 | Research Rule 12(b)(6), 8(a), False Claims Act, Misrepresentation, conversion, and related case law | JB | $325 | 2.1 | $ 682.50 | | |
| 49 | 11/6/18 | Draft/finalize motion to dismiss, notice of conferral, exhibits (Dkt 21) | JB | $325 | 2.4 | $ 780.00 | | |
| 50 | 11/6/18 | Draft/finalize Answer (Dkt 22) | JB | $325 | 0.9 | $ 292.50 | | |
| 51 | 11/6/18 | Review Dkt 23 | JB | $325 | 0.2 | $ 65.00 | | |
| 52 | 11/12/18 | Multiple Emails to/from Client RE J Kovacich continued contact, counterclaims, | JB | $325 | 0.5 | $ 162.50 | | |
| 53 | 11/12/18 | Draft Joint Case Management Plan | JB | $325 | 0.6 | $ 195.00 | | |
| 54 | 11/12/18 | Draft MIDP | JB | $325 | 0.5 | $ 162.50 | | |
| 55 | 11/12/18 | Email to/from Client RE MIDP | JB | $325 | 0.2 | $ 65.00 | | |
| 56 | 11/12/18 | Email to J Kovacich RE Joint Case Management Plan, Rule 26(f), and Rule 16 | JB | $325 | 0.2 | $ 65.00 | | |
| 57 | 11/12/18 | Review Dkt 24 | JB | $325 | 0.1 | $ 32.50 | | |
| 58 | 11/15/18 | Email to J Kovacich RE joint case management plan | JB | $325 | 0.1 | $ 32.50 | | |
| 59 | 11/15/18 | Multiple emails to/from Client RE text messages from J Kovacich | JB | $325 | 0.3 | $ 97.50 | | |
| 60 | 11/19/18 | Call to J Kovacich RE joint case management plan | JB | $325 | 0.1 | $ 32.50 | | |
| 61 | 11/19/18 | Email to J Kovacich RE joint case management plan | JB | $325 | 0.1 | $ 32.50 | | |
| 62 | 11/20/18 | Email to/from J Kovacich RE joint case management plan | JB | $325 | 0.4 | $ 130.00 | | |
| 63 | 11/20/18 | Emails to/from Client RE J Kovacich | JB | $325 | 0.4 | $ 130.00 | | |
| 64 | 11/23/18 | Email from Client RE Carbon Cycle Energy direct deposit | JB | $325 | 0.1 | $ 32.50 | | |
| 65 | 11/27/18 | Email from Client RE Carbon Cycle Energy direct deposit | JB | $325 | 0.1 | $ 32.50 | | |
| 66 | 11/28/18 | Email to/from J Kovacich RE direct deposit | JB | $325 | 0.2 | $ 65.00 | | |
| 67 | 11/28/18 | Draft motion for sanctions against J Kovacich under Rule 16(f) | JB | $325 | 1.3 | $ 422.50 | Unfiled Counsel noted his pending appearance this same date | Overruled *See supra* Section III B 7 |
| 68 | 11/28/18 | Email from J Carden RE representation of J Kovacich | JB | $325 | 0.1 | $ 32.50 | | |
| 69 | 11/28/18 | Review Dkt 25 | JB | $325 | 0.1 | $ 32.50 | | |
| 70 | 11/28/18 | Phone call with J Carden RE case, settlement, Rule 26(f) | JB | $325 | 0.4 | $ 130.00 | | |
| 71 | 11/28/18 | Phone call w/ Client RE settlement | JB | $325 | 0.3 | $ 97.50 | | |
| 72 | 11/28/18 | Email to Client RE settlement | JB | $325 | 0.1 | $ 32.50 | | |
| 73 | 11/28/18 | Multiple emails to J Carden RE settlement/MIDP/discovery | JB | $325 | 0.3 | $ 97.50 | | |
| 74 | 11/29/18 | Email from J Carden RE stipulation | JB | $325 | 0.2 | $ 65.00 | | |
| 75 | 11/29/18 | Review Dkt 26 | JB | $325 | 0.1 | $ 32.50 | | |
| 76 | 12/4/18 | Review Dkt 27 | JB | $325 | 0.1 | $ 32.50 | | |
| 77 | 12/7/18 | Review Dkt 28, 29, amended answer | JB | $325 | 0.4 | $ 130.00 | | |
| 78 | 12/10/18 | Review Defendants updates to joint case management plan | JB | $325 | 0.3 | $ 97.50 | | |
| 79 | 12/10/18 | Review Dkt 30 | JB | $325 | 0.1 | $ 32.50 | | |
| 80 | 12/11/18 | Draft Motion for Default on all Defendants except J Kovacich | JB | $325 | 1.1 | $ 297.67 | Defendants Not Served Pursuant to Rule 4, Defendant Sala dismissed voluntarily, no final judgment as to Grossman | Reduced by 1/6th *See supra* Section III B 5 |
| 81 | 12/11/18 | Call w/ Client RE motion for default | JB | $325 | 0.3 | $ 81.25 | Defendants Not Served Pursuant to Rule 4, Defendant Sala dismissed voluntarily, no final judgment as to Grossman | Reduced by 1/6th *See supra* Section III B 5 |
| 82 | 12/11/18 | Email to Client Re motion and affidavit | JB | $325 | 0.1 | $ 27.08 | Defendants Not Served Pursuant to Rule 4, Defendant Sala dismissed voluntarily, no final judgment as to Grossman | Reduced by 1/6th See *supra* Section III B 5 |
| 83 | 12/12/18 | Review Dkt 31 | JB | $325 | 0.1 | $ 32.50 | | |
| 84 | 12/17/18 | Review Dkt 32 | JB | $325 | 0.1 | $ 32.50 | | |
| 85 | 12/17/18 | Review Dkt 33 | JB | $325 | 0.1 | $ 32.50 | | |
| 86 | 12/18/18 | Review *In re First T.D. & Inv., Inc.* and related cases | JB | $325 | 0.7 | $ 227.50 | | |
| 87 | 12/18/18 | Draft supplement to motion for default (Dkt 34) | JB | $325 | 0.5 | $ 135.42 | Defendants Not Served Pursuant to Rule 4, Defendant Sala dismissed voluntarily, no final judgment as to Grossman | Reduced by 1/6th *See supra* Section III B 5 |
| 88 | 12/19/18 | Review Dkt 35 | JB | $325 | 0.1 | $ 32.50 | | |
| 89 | 12/19/18 | Review Dkt 36 | JB | $325 | 0.1 | $ 32.50 | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 90 | 12/19/18 | Attendance at Rule 16 Scheduling Conference – includes travel to/from | JW | $325 | 1.6 | $ 520.00 | | |
| 91 | 12/19/18 | Review Dkt 37 | JB | $325 | 0.1 | $ 32.50 | | |
| 92 | 12/20/18 | Email to Client Re scheduling conference | JB | $325 | 0.1 | $ 32.50 | | |
| 93 | 12/20/18 | Phone call from Client Re update | JB | $325 | 0.4 | $ 130.00 | | |
| 94 | 12/20/18 | Multiple Emails to/from Client RE furlough and other evidence | JB | $325 | 0.6 | $ 195.00 | | |
| 95 | 12/20/18 | Draft First supplemental MIDP | JB | $325 | 0.3 | $ 97.50 | | |
| 96 | 12/20/18 | Review Dkt 38 | JB | $325 | 0.1 | $ 32.50 | | |
| 97 | 12/20/18 | Review Dkt 39 | JB | $325 | 0.2 | $ 65.00 | | |
| 98 | 12/27/18 | Email from Client RE new facility for C2e | JB | $325 | 0.1 | $ 32.50 | | |
| 99 | 1/2/19 | Emails to/from J Carden RE settlement | JB | $325 | 0.3 | $ 97.50 | | |
| 100 | 1/2/19 | Emails to/from Client RE settlement | JB | $325 | 0.6 | $ 195.00 | | |
| 101 | 1/3/19 | Draft Second supplemental MIDP | JB | $325 | 0.3 | $ 97.50 | | |
| 102 | 1/3/19 | Review Dkt 40 | JB | $325 | 0.1 | $ 32.50 | | |
| 103 | 1/4/19 | Review Dkt 41, 42 | JB | $325 | 0.3 | $ 97.50 | | |
| 104 | 1/4/19 | Call w/ J Carden RE appearance on behalf of four more defendants and setting aside default | JB | $325 | 0.2 | $ 65.00 | | |
| 105 | 1/10/19 | Review Dkt 43 | JB | $325 | 0.1 | $ 32.50 | | |
| 106 | 1/14/19 | Review Dkt 44 / Answer | JB | $325 | 0.3 | $ 97.50 | | |
| 107 | 1/14/19 | Review Dkt 45 | JB | $325 | 0.1 | $ 32.50 | | |
| 108 | 1/2/19 | Emails to/from Client Re update | JB | $325 | 0.3 | $ 97.50 | | |
| 109 | 1/16/19 | Review Rule 68 Offer of Judgment | JB | $325 | 0.2 | $ 65.00 | | |
| 110 | 1/16/19 | Email Offer of Judgment to Client | JB | $325 | 0.1 | $ 32.50 | | |
| 111 | 1/16/19 | Phone call w/ Client Re offer of judgment | JB | $325 | 0.3 | $ 97.50 | | |
| 112 | 1/16/19 | Email to J Carden Re accepting Offer of Judgment | JB | $325 | 0.1 | $ 32.50 | | |
| 113 | 1/17/19 | Email to/from J Carden Re LRCiv 54 2 | JB | $325 | 0.2 | $ 65.00 | | |
| 114 | 1/22/19 | Phone message from J Carden Re attorneys' fees | JB | $325 | 0.1 | $ 32.50 | | |
| 115 | 1/22/19 | Review Dkt 46 | JB | $325 | 0.1 | $ 32.50 | | |
| 116 | 1/22/19 | Email from J Carden RE settlement | JB | $325 | 0.1 | $ 32.50 | | |
| 117 | 1/22/19 | Email to Client Re settlement | JB | $325 | 0.1 | $ 32.50 | | |
| 118 | 1/22/19 | Phone call w/ Client RE settlement | JB | $325 | 0.2 | $ 65.00 | | |
| 119 | 1/22/19 | Email to/from J Carden RE settlement | JB | $325 | 0.2 | $ 65.00 | | |
| 120 | 1/22/19 | Email to/from client RE settlement | JB | $325 | 0.2 | $ 65.00 | | |
| 121 | 1/22/19 | Email to J Carden RE settlement | JB | $325 | 0.2 | $ 65.00 | | |
| 122 | 1/23/19 | Review Dkt 47, 48 | JB | $325 | 0.1 | $ 32.50 | | |
| 123 | 1/23/19 | Emails to/from J Carden RE settlement | JB | $325 | 0.2 | $ 65.00 | | |
| 124 | 1/23/19 | Draft/Finalize Motion for Attorneys' Fees, exhibits | JB | $325 | 2.5 | $ 812.50 | | |
| 125 | | Estimated Time for Reply | JB | $325 | 1.5 | $ 487.50 | | |
| 126 | **TOTAL ATTORNEYS' FEES AWARD (Amount requested by Plaintiff less any entries for which an objection was sustained, either in whole or in part)** | | | | | **$ 13,167.67** | | |